UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14018-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JERMAINE JACKSON,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON THE
PETITION FOR OFFENDER UNDER SUPERVISION

**THIS CAUSE** came before me for an evidentiary hearing on the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (DE 81). Having considered the evidence, I recommend that Defendant be found to have violated his supervised release with respect to the allegations contained in Violation Numbers 1 and 2.

1. Defendant appeared for an evidentiary hearing on the Petition on March 22, 2021. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Video or Audio Teleconference Form that will be filed in the record in this case. (DE 94). Having discussed the matter with the Defendant, I found that his waiver of in person appearance and consent to proceed through videoconference was knowing and voluntary. I also found, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re:

Coronavirus Public Emergency, that the hearing could not be further delayed without serious harm to the interests of justice.

2. The Petition alleges the following violations of supervised release:

**Violation Number 1**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On November 30, 2020, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 2**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 10, 2020, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

3. The Government called United States Probation Officer Amanda Maghan to testify. Officer Maghan stated that Defendant was advised at the beginning of his term of supervised release that he was required to refrain from possession or use of controlled substances while on supervision. On October 26, 2020, Defendant told Officer Maghan that he had a medical marijuana prescription card and provided her a copy of the card. Officer Maghan told the Defendant that under the terms and conditions of his supervised release he was not allowed to use marijuana even though he had a medical marijuana card. A month later, on November 30, 2020, Defendant submitted a urine specimen that tested positive for the presence of marijuana. Government's Exhibit 1 is the lab report from Alere Toxicology Services confirming this result. On December 10, 2020, Defendant tested positive for marijuana again. Government's Exhibit 2 is the lab report from Alere Toxicology Services confirming this result.

4. Defendant offered no witnesses or evidence.

5.     This Court has considered the evidence and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 1 and 2. Defendant argued – through counsel – that the violations were not willful because Defendant had a marijuana prescription card and believed his use of medical marijuana did not violate his federal supervised release conditions. The evidence contradicts this argument, however. Officer Maghan testified that she instructed the Defendant on October 26, 2020 that he was not permitted to use marijuana while on federal supervised release even with a marijuana prescription card. This instruction accords with federal cases establishing that a defendant is not permitted to use medical marijuana while on federal pretrial release or under federal supervision. *See, e.g., United States v. Meshulam*, 2015 WL 894499 (S.D. Fla. March 3, 2015) (Matthewman, J.) (denying request of defendant on pretrial release to modify conditions of bond to permit use of medically prescribed marijuana); *United States v. Friel*, 699 F. Supp.2d 328 (D. Me. 2010) (denying defendant's request for permission to use medically prescribed marijuana while on federal supervision); *United States v. Small*, 2010 WL 4922510 (D. Mont. Nov. 29, 2010) (denying defendant's request to use prescribed marijuana while on pretrial release). Defendant's positive test for marijuana more than a month later demonstrates knowing and willful marijuana use after Officer Maghan's instruction. Even without Officer Maghan's October 26, 2020 instruction, Defendant was advised when his supervision began that he could not use controlled substances. That advice was not altered by him obtaining a prescription for marijuana and Defendant did not move to modify the terms of his supervision to gain clarification from the Court.

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 and 2. I further recommend

that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 24th day of March, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE