UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14018-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JERMAINE JACKSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON THE SECOND SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION (DE 103)

**THIS CAUSE** came before me for consideration of the pending Second Superseding Petition for Offender under Supervision (the "Second Superseding Petition") (DE 103). Having conducted a hearing, I recommend as follows:

1. The Defendant appeared before me on June 2, 2021 for a hearing convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant also has signed a written Consent to Appear by Video or Audio Teleconference Form that is filed in the record in this case at DE 94. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public

Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. A Petition for Summons for Offender Under Supervision (the "Petition") was filed in this case on January 12, 2021. DE 81. On March 24, 2021, I issued a Report and Recommendation finding that Defendant violated the terms and conditions of his supervised release by unlawfully possessing or using a controlled substance as alleged in Violation Numbers 1 and 2 of the Petition. DE 96. On April 13, 2021, Chief District Judge K. Michael Moore adopted my Report and Recommendation. DE 102. After the Report and Recommendation was issued, a Superseding Petition for Offender Under Supervision was filed, DE 97, and then a Second Superseding Petition was filed, DE 103.

3. The Second Superseding Petition (DE 103) alleges eight violations. Chief Judge Moore has already adopted my Report and Recommendation regarding Violation Numbers 1 and 2. DE 102. After consultation with his attorney, the Defendant admitted Violation Numbers 3 and 4 under oath. The Government agreed to dismiss Violation Numbers 5, 6, 7 and 8 at sentencing.

4. At the June 2, 2021 hearing, Defendant admitted Violation Numbers 3 and 4. Violation Numbers 3 and 4 allege:

**Violation Number 3**    **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On March 1, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [U.S. Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 4**    **Violation of Special Condition**, by failing to participate in an approved program for anger control/domestic violence, at the defendant's own expense. To date the defendant has not satisfactorily participated as directed with ADAP Counseling Services and as of March 3, 2021, was unsatisfactorily discharged from the program.

5. The possible maximum penalties faced by the Defendant for Violation Numbers 3 and 4 were read into the record by the Government. The Defendant stated that he understood those penalties.

6. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 3 and 4. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 3 and 4 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

7. The Government proffered a factual basis for Defendant's admissions to Violation Numbers 3 and 4. Regarding Violation Number 3, the Government stated that Defendant submitted a urine specimen on March 1, 2021 that tested positive for the presence of cocaine in Probation's local laboratory, and subsequently was confirmed positive by Alere Toxicology Services, Inc. Regarding Violation Number 4, the Government stated that Defendant was ordered to participate in an anger control/domestic violence program with ADAP Counseling Services. He registered with the program in September 2020 but was subsequently, unsatisfactorily discharged on March 3, 2021 due to failure to attend. The Defendant agreed that the facts proffered by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 3 and 4.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 3 and 4, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>2nd</u> day of June, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE